Curia, per Rjchaudson, J.
The terms “wilful maihem, or wilful and malicious trespass,” used in the Act of 1759, 4 Stat. 91, have been satisfactorily expounded in the case of Broker ads. Knight, 3 McC. 80, and in those of Walling vs. Jennings, 1 McC. 10, and Bampfield vs. Ellard, 2 McC. 182.
Those terms have been so construed as to_ confine the exceptions to a particular class of malicious trespasses defined by the stat. 22-23 Car. 2, c. 7; 2 Stat. 521.
By those decisions, killing a slave in heat and passion, *88 or assaults and batteries, or slanders, do not take away the benefit of the insolvent Acts from the trespasser.
But the succeeding terms of the Act, to wit: “ damages recovered in any action for voluntary and permissive waste, or for damages done to the freehold,” are now brought before us, for the first time, for judicial exposition. The terms “ for voluntary and permissive waste,” mean waste to the freehold, and are clearly restricted to a certain particular freehold in the possession of a tenant for life, with a remainder to another in fee simple. Such a tenant can do great mischief to the freehold secretly^ because he is in possession, under his own title, for life. Such a tenant doing waste is, therefore, excluded from the benefit of the Act with good reason. He must pay for the waste committed. i*
This exposition of the terms “ voluntary and permissive waste” points out the restricted meaning of the concluding terms, “ or for damages done to the freehold.” If they mean for damages done, not to “the freehold” before designated, but to any freehold, they must include the case of the defendant-all cases of trespass to try title to lands'— quare clausum fregit — and any trespass on freeholds. But so sweeping a construction would shock common sense, and fritter away the relief meant for insolvent debtors. Still, the construction of the terms “for damages done to the freehold,” must be thus comprehensive, or we must take the following, in order to give a more rational meaning ; the freehold, in the sense of those terms, does not mean freeholds in general, but the particular freehold designated by the immediate foregoing terms which is known as the subject of “ voluntary and permissive waste,” that is, a freehold for life, in the possession of one tenant, with a remainder over in fee simple to another.
Is it not reasonable, then, to conclude that that freehold so pointed out by the technical terms “voluntary and permissive waste,” was the only freehold meant, and is to be kept in view to the end of the sentence ?
The terms or “for damages done to the freehold,” were added in order to cover any damage done to such a freehold, but they do not change the subject of the damages, and introduce a new class of exceptions.
*89 This construction, together with those before noticed, make the entire eighth section of the insolvent debtors’ Act of 1759, intelligible, definite and rational; and I cannot but think that the letter of the Act fairly permits it, and thus unites with the main object of our laws for insolvent debtors, which is to relieve all such, upon certain conditions, with a few exceptions only; namely, for certain malicious trespasses known and before defined, and for waste or any damage done to the freehold by a tenant for life, which is equally known in law.
With these strict exceptions, this highly important and general remedial Act (it is, in fact, now our only substitute for a bankrupt law) is to be expounded liberally for all debtors who may, in the language of the preamble, be “ willing to satisfy their creditors to the utmost of their power.”
The Act must be taken with that great object; and of course the exceptions must be made palpable before they can arrest, as by warrant of law, the enlargement of the debtor. Nevertheless, on the other hand, the assignment of his whole estate, “to his creditors, to the utmost of his power,” is required, I would say, even to that “bowie knife,” if demanded by his creditors. Such strict scrutiny is the object of our late Act to examine the petitioner fully in open court, without lessening the right to surcharge or falsify his account by other evidence.
All this being first fairly done, the Act of 1759 then gives to the court, being first satisfied of the truth, the discretion of returning to the petitioner certain necessary articles for personal accommodation.
It is a good Act, well and considerately drawn in its provisions. But being, together with the prison bounds Act, placed in many hands to be administered, some errors have followed, which this court has, from time to time, to correct, in order to bring those laws back to the just, proper and permanent system intended for the relief of honest insolvents.
The writ of certiorari is of course ordered.
O’Neall, Evans, Butler, Wardlaw and Frost, JJ. concurred.